# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIDY JAMES FERNQUIST,<br><br>              Petitioner<br><br>v.<br><br>ATTORNEY GENERAL OF PENNSYLVANIA,<br><br>              Respondent. | CIVIL ACTION<br><br>No. 08-4364 |

## OPINION

On September 11, 2008, petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Upon review of the petition, it appears that petitioner is incarcerated in Augusta, West Virginia, pursuant to a judgment of a court of that state. Because petitioner does not meet the custody requirement of § 2254, this court does not have jurisdiction over this matter.

Petitioner asserts that on June 16, 2005, the Commonwealth of Pennsylvania issued a warrant for his arrest based upon a burglary charge. To date petitioner has not been tried or convicted of the charges filed by the Commonwealth of Pennsylvania, and the Commonwealth does not have a detainer lodged against petitioner. Petitioner argues that, pursuant to the Interstate Agreement on Detainers, the burglary charge should be dismissed with prejudice due to the Commonwealth of Pennsylvania's failure to dispose of the charges within 180 days.

§ 2254(a) requires that a petition for habeas corpus be "in behalf of a person in custody

1

pursuant to the judgment of a State court." Whether a habeas corpus petitioner is in custody for purposes of § 2254 is determined at the time that the complaint is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). At the time of this complaint, there has been no judgment of a Pennsylvania court resulting in petitioner's custody.

Courts have gradually relaxed the custody requirement over time. In *Hensley v. Municipal Court*, 411 U.S. 345 (1973), the Court held that a petitioner who was granted a stay of his sentence of incarceration and released on his own recognizance, but who was under the obligation to appear "at all times and places as ordered" by "(a)ny court or magistrate of competent jurisdiction" as a condition of that stay, satisfied the custody requirement. The Court enumerated two clear reasons for its holding. First, it noted that petitioner was "subject to restraints 'not shared by the public generally'" because he could not "come and go as he please[d]." 411 U.S. at 351. Second, the petitioner remained "at large only by the grace of a stay entered" and was subject to the unique and substantial constraint of needing to keep the stay in force. *Id.* at 352-53. *See also Obado v. New Jersey,* 328 F.3d 716, 717 (3d Cir. 2003) (citations omitted) ("The meaning of 'custody' has been broadened so that it is no longer limited in the § 2254(a) context to physical custody alone but also applies where individuals are subject both to 'significant restraints on liberty ... which were not shared by the public generally,' along with 'some type of continuing governmental supervision.'").

No such constraints exist for the petitioner in the instant matter. First, because petitioner is currently incarcerated for a crime entirely disconnected from the arrest warrant he is challenging, petitioner is subject to no constraints on his liberty as a result of that warrant. Second, petitioner is not subject to any type of continuing governmental supervision in

connection with the challenged warrant. *C.f. Fernos-Lopez v. Figarella Lopez,* 929 F.2d 20, 24-25 (1st Cir. 1991) (holding that a petitioner who filed for habeas relief from a pending arrest warrant before that warrant was executed did not meet the custody requirement because, unlike in *Hensley*, petitioner had not yet been sentenced at all and therefore his future incarceration depended on contingencies, such as the court's determination that imprisonment was indeed warranted).

"While the 'in custody' requirement is liberally construed for purposes of habeas corpus, for a federal court to have jurisdiction, a petitioner must be in custody *under the conviction he is attacking at the time the habeas petition is filed.*" *Obado,* 328 F.3d at 717 (citing *Maleng v. Cook,* 490 U.S. 488, 490-92, (1989)). In the instant matter, although petitioner is in custody, he is not in custody under the conviction he is attacking, and therefore this court does not have jurisdiction.

AND NOW, this 16 day of February 2009, IT IS HEREBY ORDERED that:

1. The petition for habeas corpus relief is **DISMISSED** for lack of subject matter jurisdiction;

2. Petitioner's application to proceed *in forma pauperis* is **GRANTED** for the limited purpose of filing the petition; and,

3. The Clerk of Court shall close this matter.

Pollak, J.